1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| VEERA DARUWALLA, MICHAEL MARCH, and LAVICIEIA STURDIVANT, individually and on behalf of classes of similarly situated individuals,<br><br>                              Plaintiffs,<br><br>     v.<br><br>T-MOBILE USA, INC.<br><br>                              Defendant. | Case No.:  2:21−cv−01118−BJR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT T-MOBILE USA, INC.'S MOTION TO STAY PROCEEDINGS PENDING ACTION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

## I.    INTRODUCTION

Plaintiffs oppose T-Mobile's omnibus Motion to Stay. Considering that the next Judicial Panel on Multidistrict Litigation ("JPML") hearing is not scheduled until December,[1] staying *all* aspects of this litigation until some unknown date in 2022 will unnecessarily delay the case and be prejudicial to Plaintiffs. Plaintiffs are not opposed to a more limited stay, however, to preserve

---

[1] Once the case is likely transferred after the December hearing, it will presumably take several additional months to get the cases coordinated, establish leadership, and address other preliminary matters before formal discovery can commence.

OPPOSITION TO MOTION TO STAY - 1

Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

judicial resources until the JPML rules. Specifically, Plaintiffs respectfully propose the Court direct the Parties to address pre-discovery matters during this period, including, for example: (1) negotiating a protective order; (2) negotiating an ESI Order; (3) negotiating a deposition protocol; and (4) allowing Plaintiffs to serve discovery as provided by Rule 26(d)(2). This will allow the Parties to address often time-consuming initial matters while the case is otherwise stayed, allowing the case to move more efficiently once assigned by the JPML, and providing for just, speedy, and inexpensive determination of this action as contemplated by Rule 1.

Plaintiffs do not oppose T-Mobile's request to avoid answering, moving, responding to discovery, or otherwise briefing issues that may become moot or could ultimately not be heard by this Court. But allowing the case to sit for several months with no progress on any aspect of the litigation is hardly the type of speedy and efficient process envisioned by the Federal Rules. Moreover, even if the cases are ultimately not transferred to this District, the Parties' efforts will inure to the benefit of the class wherever this case is transferred. While the Parties can avoid burdening this Court with disputes, they should work together to resolve as many pre-trial litigation issues as possible.

## II.    BACKGROUND

*Daruwalla* is the lead case in this District, and it was the first action filed anywhere in the country involving T-Mobile's data breach. Plaintiffs filed the case in this District because T-Mobile's headquarters are located here, as are important documents and witnesses. After Plaintiffs filed this action, dozens of other similar cases were filed around the country and in this Court. On August 31, 2021, this case, initially assigned to Magistrate Judge Brian A Tsuchida, was reassigned to this Court. Additionally, the 23 similar cases filed in this District after this one were also assigned or reassigned to this Court.

---

OPPOSITION TO MOTION TO STAY - 2

On August 23, 2021, Plaintiffs in this lead action filed a Motion for Transfer and Consolidation with the JPML. Of the 41 actions on file across the country as of this date, over half (or 24 of them) are in this District. Responses were due on September 14, 2021. More than half of the Plaintiffs who filed responses supported transfer to this District. *See* Ex. 1 (Responses to Motion to Transfer). Even though T-Mobile is headquartered in this District and acknowledged that its witnesses and evidence are located here, it asked the JPML to transfer the litigation to the Western District of Missouri. *See In re T-Mobile Customer Data Sec. Breach Litig.*, MDL No. 3019, Dkt. # 49. Only one of the 41 cases on file is currently in the Western District of Missouri. *See* Ex. 1.

T-Mobile's counsel contacted Plaintiffs' counsel to inquire whether Plaintiffs would agree to a stay. Plaintiffs indicated to T-Mobile's counsel that they were amenable to stay any proceedings involving the Court to avoid burdening the Court, but that the Parties should work on pre-discovery and other preliminaries so that the case would not be further delayed after the JPML ruled. T-Mobile voiced its concern that all plaintiffs' counsel would not agree to whatever the parties agreed to in this case, but Plaintiffs indicated a willingness to coordinate with other plaintiffs' counsel (particularly those in this District) to avoid that issue. Moreover, Plaintiffs stressed that even if additional issues needed to be negotiated after transfer, all parties would benefit from the preliminary work Plaintiffs had done in Western District of Washington. T-Mobile rejected this proposal.

T-Mobile then filed its response with the JPML suggesting that this Court was overtaxed, did not have the resources to handle this Multidistrict Litigation ("MDL"), and complaining that Your Honor was currently a visiting judge in Washington, DC. *See* MDL No. 3019, Dkt. # 49 at 10. Thus, it appears that at least part of the reason why T-Mobile does not support advancing preliminary discovery issues while the JPML motion is pending is because it does not want to

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

lend any support to an argument that might favor this jurisdiction for transfer. In other words, T-Mobile does not want to advance issues in the Western District of Washington that could prejudice its argument that the Western District of Missouri is a more appropriate forum. This should not be a reason, however, to stay the entirety of this case for multiple months.

## III.    ARGUMENT

### A.    Stays are generally disfavored.

Rule 2.1(d) of the Rules of the Judicial Panel on Multidistrict Litigation states:

> The pendency of a motion . . .  before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.

"In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Under Fed. R. Civ. P. 26(c)(1) courts may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place, for the disclosure or discovery[.]" Apart from their power under Rule 26(c), federal district courts may issue stays pursuant to their inherent authority to manage cases before them. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). Moreover, "the power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Germack v. Dentists Ins. Co.*, No. C20-0661-JCC, 2020 WL 6505020, at *1 (W.D. Wash. July 7, 2020) (*citing Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)). This is best

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

Federal courts generally disfavor a stay of all matters, however. *See, e.g.*, *Alvarez-Cortez v. Vallaria*, 2012 WL 12863, at *2 (D. Colo. Jan. 4, 2012); *see also Eggert ex rel. Eggert v. Chaffee Cty., Colo.*, No. 10-cv-01320-CMA-KMT, 2010 WL 3359613, at *2 (D. Colo. Aug. 25, 2010) ("Although a stay of all discovery is generally disfavored, [citation omitted], a stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'"); *see also In re MGM Mirage Sec. Litig.*, No. 2:09-CV-1558-GMN, 2014 WL 6675732, at *6 (D. Nev. Nov. 25, 2014) (stating that limits and stays are generally disfavored). Similarly, the Ninth Circuit has stressed that stays are generally disfavored and may be granted if the request is for a limited duration, with a defined end point, and the risk of harm to another party is absent. *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

When considering whether to grant a stay pending a possible transfer by the JPML, courts in this Circuit generally consider the following factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See, e.g.*, *Short v. Hyundai Motor America, Inc.*, No. C19-0318JLR, 2019 WL 3067521, at *2 (W.D. Wash. 2019); *In re Apple iPhone Application Litig.*, No. 10-CV-05878-LHK, 2011 WL 2149102, at *2 (N.D. Cal. May 31, 2011).

The moving party bears the burden of showing a stay will provide some advantage in terms of efficiency or fairness. *See Amadeck v. Cap. One Fin. Corp.*, No. C12-0244RSL, 2012 WL 5472173, at *1 (W.D. Wash. Nov. 9, 2012). Further, when "there is even a fair possibility" that a stay will inflict harm on someone else, the party requesting a stay "must make out a clear case of hardship or inequity." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *see*

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1   *also ACLU of Wash. v. Dep't of Homeland Sec.*, No. C17-0562RSL, 2017 WL 2437607, at *2

2   (W.D. Wash. June 6, 2017) (denying plaintiff's motion to stay and stating that "[w]hile there will

3   undoubtedly be some duplication, defendants have not shown that it would rise to the level of

4   hardship or inequity."). Importantly, courts have noted that "being required to defend a suit,

5   without more, does not constitute a 'clear case of hardship or inequity.'" *Menges v. Knudsen*, No.

6   CV 20-178-M-DLC, 2021 WL 1894154, at *11 (D. Mont. May 11, 2021) (*citing Lockyer*, 398

7   F.3d at 1112).

8          As explained in further detail below, T-Mobile has not met its burden of showing that a

9   complete stay is warranted in this case.

10          **B.      The cases T-Mobile cites in support of a stay are factually distinguishable.**

11          The authorities upon which T-Mobile relies do not support to its motion to stay these

12   proceedings because they concern vastly different factual scenarios. Those decisions either: (1)

13   include an agreement between the parties or an unopposed motion to stay; (2) involve pending

14   motions that would have required the active intervention of the court; or (3) involve significantly

15   shorter timeframes until a decision by the JPML.

16          In *Rivers*, the plaintiffs moved for a stay pending an MDL decision, which defendants

17   opposed. 980 F. Supp. at 1360 (cited in T-Mobile's Motion, Dkt. # 31 at 5). In granting the stay

18   in *Rivers*, the court focused only on the judicial resources that would be preserved because the

19   "Court will have needlessly expended its energies familiarizing itself with the intricacies of a

20   case that would be heard by another judge [and] any efforts on behalf of this Court concerning

21   case management will most likely have to be replicated by the judge that is assigned to handle

22   the consolidated litigation . . . ." 980 F. Supp. at 1360. These concerns are not an issue here

23   because Plaintiffs propose only to handle certain pre-trial discovery matters without the

24   involvement of the Court.

OPPOSITION TO MOTION TO STAY - 6

1    Similarly unavailing, the court found no hardship in granting the stay in *Gordillo v. Bank*

2    *of America, N.A.*, because the parties *agreed* to it. No. 1:09CV01954AWIGSA, 2010 WL

3    148699, at *1 (E.D. Cal. Jan. 14, 2010)(cited in T-Mobile's Motion, Dkt. # 31 at 3). Likewise, in

4    *Eggart v. A.L.S. Enterprises, Inc.*, the plaintiff did not oppose to the motion. No. CV-09-0107-

5    FVS, 2009 WL 1587904, at *1 (E.D. Wash. June 2, 2009) (cited in T-Mobile's Motion, Dkt.

6    # 31 at 5). In *Hansen v. I-Flow Corp.*, plaintiffs didn't even respond to the motion to stay. No.

7    C09-5690 RJB, 2010 WL 11685129, at *2 (W.D. Wash. Feb. 26, 2010) (cited in T-Mobile's

8    Motion, Dkt. # 31 at 4)..

9    When evaluating hardship to the opposing party, courts pay particular attention to

10   whether a stay will cause undue delay. T-Mobile's authorities differ from this matter because the

11   timeframes in those cases were significantly shorter.  For example, in *Van Horn v. Korean Air*

12   *Lines Co.*, the court reasoned that there would be no undue delay because the MDL Panel was

13   scheduled to hear the motion to consolidate and transfer within 30 days. No. C07-1228JLR, 2007

14   WL 9775632, at *1 (W.D. Wash. Oct. 31, 2007) (cited in T-Mobile's Motion, Dkt. # 31 at 3).

15   The same reasoning persuaded the court in *Mears v. All-Clad Metalcrafters, LLC*, where the

16   order from the JPML was scheduled in less than two months. No. 20-CV-02662-SI, 2021 WL

17   690258, at *2 (N.D. Cal. Feb. 23, 2021) (cited in T-Mobile's Motion, Dkt. # 31 at 3). Likewise,

18   the courts in *Pederson v. Novartis Pharms. Corp.*, No. 3:20-CV-05216-RJB, 2021 WL 2895225,

19   at *1 (W.D. Wash. July 9, 2021), and *Amadeck v. Cap. One Fin. Corp.,* No. C12-0244RSL, 2012

20   WL 5472173, at *1 (W.D. Wash. Nov. 9, 2012) (cited in T-Mobile's Motion, Dkt. # 31 at 4)

21   appreciated that the hearing on the motion to transfer was set for a later date on the same month.

22   Finally, in *Germack v. Dentists Ins. Co.*, the court highlighted proceedings would only be

23   delayed "a matter of weeks." No. C20-0661-JCC, 2020 WL 6505020, at *2 (W.D. Wash. July 7,

24   2020) (cited in T-Mobile's Motion, Dkt. # 31 at 5).  Here, with a JPML hearing in December and

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

holidays likely pushing any decision or meaningful hearings until 2022, the delays are too great for the parties to do nothing to advance this litigation.

Some courts have granted stays in the name of judicial economy when the court's efforts would be duplicative or wasteful. The cases cited by T-Mobile in support of this proposition are also distinguishable in that they involved pending motions (such as for remand or to dismiss) that would have required the court's active intervention in the absence of a stay. No such motions are pending here and, under Plaintiffs' proposal, that would remain the case.

For example, in *J.W. v. Pfizer, Inc.*, (cited in T-Mobile's Motion, Dkt. # 31 at 4) the court granted a stay and declined to rule on a motion to remand where a pending MDL was already proceeding. The court relied on the general rule that "[a]llowing the MDL judge to address these issues simultaneously promotes 'uniformity, consistency, and predictability.'" No. 13-CV-00318-YGR, 2013 WL 1402962, at *1–3 (N.D. Cal. Apr. 5, 2013) (citation omitted); *see also Shattuck v. A1A, Inc.*, No. 2:21-CV-00945-BJR, 2021 WL 3856067, at *2 (W.D. Wash. Aug. 30, 2021) (same); *Freisthler v. DePuy Orthopaedics, Inc.*, No. CV 11-6580 DSF FFMX, 2011 WL 4469532, at *2 (C.D. Cal. Sept. 21, 2011) (same).

Similar concerns of judicial economy persuaded the courts in *Short v. Hyundai Motor Am. Inc.*, No. C19-0318JLR, 2019 WL 3067251, at *2 (W.D. Wash. July 12, 2019) and *Nue LLC v. Oregon Mut. Ins. Co.*, No. C20-676RSL, 2020 WL 7016052, at *1 (W.D. Wash. July 1, 2020) where parties had filed a motion to dismiss that would have required the court's attention absent a stay. In *Johnson v. Monterey Fish Co., Inc.*, (cited in T-Mobile's Motion, Dkt. # 31 at 5) the court found that because the case involved an American with Disabilities Act claim, it was already required to stay the litigation pending a joint site inspection and mediation process. No. 18-CV-01985-BLF, 2018 WL 2387849, at *1 (N.D. Cal. May 25, 2018).

OPPOSITION TO MOTION TO STAY - 8

T-Mobile additionally posits that because plaintiffs in two of the Related Cases[2] consented to a similar stay, the Court should grant a stay in this case. *See* Dkt. # 31 at 6. As courts in this district have observed, "[g]iven that the decision to grant such stays is entirely discretionary, [the fact that some courts will grant and others deny stay] is unsurprising." *Devore*, 2013 WL 5503022, at *1. Moreover, the fact that these other proceedings are not advancing weighs in favor of allowing preliminary matters to proceed in this case by minimizing any potential harm from inconsistent outcomes. *Falk v. Gen. Motors Corp.*, No. C 07-01731 WHA, 2007 WL 3101649, at *3 (N.D. Cal. Oct. 22, 2007) (noting that any harm from inconsistent rulings would be minimal).

T-Mobile has not cited a single case in which a court granted a stay under the factual scenario of this case, particularly where Plaintiffs are agreeing to a broad stay, with only limited exceptions to advance the early stages of the litigation.

C.   **Plaintiffs propose a limited stay that will not burden the court and will balance Parties' competing interests.**

Plaintiffs do not oppose T-Mobile's request to avoid any motion practice that could burden this Court and the Parties with issues that may become moot, lead to inconsistent outcomes, or not be heard once the JPML rules. This does not mean, however, that every aspect of the litigation must be halted until 2022. The limited exceptions to a stay that Plaintiffs propose will allow the Parties to move forward on specific discovery issues that will not require the intervention of the Court or be rendered wasteful and duplicative following the JPML decision. The limited stay will also achieve the proper balance between the Parties' competing interests. This proposal is in line with the practice of this Circuit.

---

[2] *Donovan v. T-Mobile USA, Inc.*, No. 2:21-cv-00138-BJR (W.D. Wash. Sept. 15, 2021) (ECF No. 12) and *Akins v. T-Mobile USA, Inc.*, No. 2:21-cv-01179 (W.D. Wash. Sept. 16, 2021) (ECF No. 8).

OPPOSITION TO MOTION TO STAY - 9

1   District courts have denied stays when, as in the situation here, plaintiffs have

2   represented they will not burden the court with motion practice. *See Devore v. Prospect Mortg.,*

3   *LLC*, No. 13-CV-01841 RS, 2013 WL 5503022, at *1 (N.D. Cal. Oct. 3, 2013) (denying a stay in

4   light of plaintiffs' representations that there would be no motion practice); *see also Hendricks &*

5   *Lewis, PLLC v. Clinton*, No. C12-841 MJP, 2012 WL 13175917, at *1 (W.D. Wash. June 6,

6   2012) (denying a motion to stay because, among other reasons, the defendant did not explain

7   how the court would be required to weigh in on matters that may relate to other pending

8   litigation); *ACLU of Wash.*, 2017 WL 2437607, at *2 (denying a motion to stay and highlighting

9   that the court's interest in staying the case was minimal because the "procedural and case

10  management orders in this district are standardized, require little judicial involvement, and are

11  designed to move cases toward resolution in an efficient and expeditious manner").

12  Plaintiffs' proposal of a limited stay also disposes of T-Mobile's apprehension that it will

13  be required to litigate the same issues and claims in multiple venues, simultaneously facing the

14  risk of inconsistent rulings of fact and law. Additionally, and as noted by the court in *In re Apple*

15  *iPhone* (a case concerning privacy violations), the fact that discovery in these actions may be, or

16  "likely will be," extensive and potentially burdensome does not weigh in favor of granting a stay

17  because "staying these actions will not change that burden, but would instead only delay

18  discovery's commencement." 2011 WL 2149102, at *3. In that case, Apple argued it may have

19  to respond to similar discovery requests for documents, other written discovery, and depositions,

20  and that its witnesses should not have to appear for multiple depositions in various actions. *See*

21  *id*. The court reasoned a stay would not alleviate Apple's burden, but would only delay it while

22  harming the plaintiffs' case. *See id.* The court reasoned that a total stay would not be appropriate,

23  and that discovery should proceed on a narrower basis while Apple's MDL motion was pending

24  before the JPML. *See id.* Here, Plaintiffs are not even asking T-Mobile to answer discovery, as

OPPOSITION TO MOTION TO STAY - 10

was permitted in *In re Apple iPhone*, and instead seek only to negotiate the foundational orders that will eventually guide discovery in this case.

Finally, a limited stay will further avoid prejudice to Plaintiffs allowing them to move forward with their data breach claims and preserving their interest in a timely resolution. This is especially relevant considering that the hearing before the JPML is scheduled for such a later date. Courts in this Circuit consistently consider undue delay as key factor when deciding whether to grant or deny a stay. *See, e.g.*, *Ryan v. Gencor Nutrients, Inc.*, *No.* C 14-05682 JSW, 2015 WL 729868, at *2 (N.D. Cal. Feb. 19, 2015) (denying plaintiffs' motion to stay, among other reasons, because the JPML panel was not scheduled until the end of the following month).

## IV.    CONCLUSION

Plaintiffs respectfully request that the Court deny T-Mobile's motion to stay the entire case and, instead, enter a more limited stay Order directing the parties to: (1) negotiate a protective order; (2) negotiate an ESI Order; (3) negotiate a deposition protocol; and (4) allowing Plaintiffs to serve discovery as provided by Rule 26(d)(2).

Dated: October 7, 2021

TOUSLEY BRAIN STEPHENS PLLC


By: */s/ Kim D. Stephens*
    Kim D. Stephens, P.S., WSBA #11984
    */s/ Jason T. Dennett*
    Jason T. Dennett, WSBA #30686
    */s/ Kaleigh N. Powell*
    Kaleigh N. Powell, WSBA #52684
    1200 Fifth Avenue, Suite 1700
    Seattle, WA 98101
    Tel:  (206) 682-5600/Fax: (206) 682-2992
    jdennett@tousley.com
    kstephens@tousley.com
    kpowell@tousley.com

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1                            MOGINRUBIN LLP

2                            Daniel J. Mogin*
                          Jennifer M. Oliver*

3                            Timothy Z. LaComb*
                          600 W. Broadway, Suite 3300

4                            San Diego, CA 92101
                          Tel:  (619) 687-6611/ Fax:  (619) 687-6610

5                            dmogin@moginrubin.com
                          joliver@moginrubin.com

6                            tlacomb@moginrubin.com

7                            Jonathan L. Rubin*
                          1615 M Street, NW, Third Floor

8                            Washington, D.C. 20036
                          Tel: (202) 630-0616/Fax:  (877) 247-8586

9                            jrubin@moginrubin.com

10                           STUEVE SIEGEL HANSON LLP

11                           Norman E. Siegel*
                          Barrett J. Vahle*

12                           J. Austin Moore*
                          460 Nichols Road, Suite 200

13                           Kansas City, Missouri 64112
                          Telephone: (816) 714-7100

14                           siegel@stuevesiegel.com
                          vahle@stuevesiegel.com

15                           moore@stuevesiegel.com

16                           HAUSFELD LLP

17                           James Pizzirusso*
                          888 16th Street N.W., Suite 300

18                           Washington, DC 20006
                          Telephone: 202-540-7200

19                           jpizzirusso@hausfeld.com

20                           Steven M. Nathan*
                          33 Whitehall St., 14th Floor

21                           New York, NY 10004
                          Telephone: (646) 357-1100

22                           snathan@hausfeld.com

23                           *Admitted Pro Hac Vice

24                           *Attorneys for Plaintiff*

OPPOSITION TO MOTION TO STAY - 12